UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK TERRELL LEE,

Plaintiff,

v.                                                    CAUSE NO. 3:19-CV-991 DRL-MGG

JULIA LAWSON *et al.*,

Defendants.

OPINION AND ORDER

Derrick Terrell Lee, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging he was denied the right to practice his Jewish faith while at the St. Joseph County Jail. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant.

According to the first amended complaint, when Mr. Lee entered the jail, he said during booking that he is a Jew and wanted kosher meals and to attend a Jewish service. ECF 19 ¶ 12. He later asked Captain Russell Olmstead for a prayer rug and yarmulke. *Id.* ¶ 13. However, the jail did not have a Jewish service, even though it did have services for Christians and Muslims. *Id.* ¶ 14. Captain Olmstead denied him a kosher diet and never gave him a yarmulke or prayer rug, despite saying he would. *Id.* ¶¶ 15, 20-21.

The Religious Land Use and Institutionalized Persons Act (RLUIPA) provides that "[n]o government shall impose . . . a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see also Holt v. Hobbs*, 574 U.S. 352, 356 (2015). In the amended complaint, Mr. Lee represents that he still has not received a prayer rug, yarmulke, kosher meals, or religious services. ECF 19 ¶¶ 16, 21. This complaint states a RLUIPA claim for injunctive relief against Warden Julia Lawson in her official capacity. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011).

Prisoners also have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Monetary damages are available for violations of the First Amendment, though restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Here, it may be possible Captain Olmstead had legitimate reasons to deny Mr. Lee a Jewish prayer service, a prayer rug, a yarmulke, and kosher meals, but the complaint contains no indication of a legitimate reason. It thus states a claim against him in his individual capacity for monetary damages.

For these reasons, the court:

(1) GRANTS Derrick Terrell Lee leave to proceed against Warden Julia Lawson in her official capacity for injunctive relief to obtain a prayer rug, a yarmulke, kosher meals, and a Jewish prayer service as required by RLUIPA;

(2) GRANTS Derrick Terrell Lee leave to proceed against Captain Russell Olmstead in his individual capacity for nominal and punitive damages for denying him a prayer rug, a yarmulke, kosher meals, and a Jewish prayer service in violation of the First Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Warden Julia Lawson and Captain Russell Olmstead at the St. Joseph County Jail with a copy of this order and the amended complaint (ECF 19), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the St. Joseph County Sheriff to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Julia Lawson and Captain Russell Olmstead to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 1, 2021

_s/ Damon R. Leichty_
Judge, United States District Court