UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DERRICK TERRELL LEE,

    Plaintiff,

v.

JULIA LAWSON and RUSSELL OLMSTEAD,

    Defendants.

CAUSE NO. 3:19-CV-991 DRL-MGG

OPINION AND ORDER

Derrick Terrell Lee, a prisoner without a lawyer, is proceeding in this case "against Warden Julia Lawson in her official capacity for injunctive relief to obtain a prayer rug, a yarmulke, Kosher meals, and a Jewish prayer service as required by RLUIPA" and "against Captain Russell Olmstead in his individual capacity for nominal and punitive damages for denying him a prayer rug, a yarmulke, Kosher meals, and a Jewish prayer service in violation of the First Amendment[.]" ECF 25 at 3. Two motions are currently pending: a motion to dismiss filed by Warden Julia Lawson, ECF 49, and a motion for summary judgment filed by Captain Russell Olmstead, ECF 65.

Warden Lawson filed a motion to dismiss, arguing that the injunctive claim against her was moot because Mr. Lee was no longer at the St. Joseph County Jail. ECF 49. Mr. Lee requested several extensions of time to respond, and the final extension passed on December 20, 2021, ECF 63, with no response from him. The motion is ready to be decided.

"If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Mr. Lee was transferred from the St. Joseph County Jail on July 6, 2021, and he is currently being held in Big Sandy USP Federal Penitentiary. ECF 49 ¶ 4, ECF 53, ECF 55. Because mootness implicates the court's jurisdiction, the court may consider this evidence of his transfer. There is no reason to believe that Mr. Lee is likely to be transferred back to the St. Joseph County Jail. Accordingly, the injunctive relief claim is moot, and the motion to dismiss will be granted.

Additionally, Captain Olmstead moves for summary judgment. ECF 65. With the motion, Captain Olmstead provided Mr. Lee the notice required by N.D. Ind. L.R. 56-1(f). ECF 67. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1. Under Local Rule 56-1(b)(1), "[a] party opposing [a summary judgment] motion must, within 28 days after the movant serves the motion, file and serve (A) a response brief; and (B) any materials that the party contends raise a genuine dispute." This deadline passed, but Mr. Lee has not responded. Therefore, the court will now rule on Captain Olmstead's summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Here, Captain Olmstead relies on requests for admissions that were deemed admitted. Captain Olmstead filed these requests under Federal Rule of Civil Procedure 36 in July 2021, but Mr. Lee never answered them. ECF 47. Captain Olmstead re-served Mr. Lee with the requests for admissions on November 8, 2021, and the court ordered Mr. Lee to respond by December 20, 2021. ECF 63, 64. Mr. Lee still did not respond. Thus, the admissions are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). No court ruling or intervention was required; the admissions occurred automatically by operation of law. *See Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Admissions under Rule 36 may serve as the factual predicate for a summary judgment motion. *United States v. Kasuboski,* 834 F.2d 1345, 1350 (7th Cir. 1987). Captain Olmstead asserts that these admissions preclude any triable issue of fact.

Per Rule 36, the following facts are conclusively established. During Mr. Lee's time at the St. Joseph County Jail, he was given a prayer rug, Kosher meals, and a kufi to wear

3

in place of a yarmulke until the jail could obtain one. ECF 47 ¶ 1-3. Captain Olmstead never denied him a prayer rug, Jewish prayer services, or a yarmulke when a yarmulke was available. *Id.* ¶ 5-7. Moreover, Captain Olmstead denied him Kosher meals only after learning that Mr. Lee ordered and ate non-Kosher meals from commissary. *Id.* ¶ 8. Finally, Mr. Lee did not suffer any physical, mental, or emotional injury because of the alleged constitutional violations. *Id.* ¶ 9-10.

Prisoners have a right to exercise their religion under the free exercise clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). A plaintiff can prevail on a First Amendment claim only if he can show both that he possesses a sincere religious belief and that his ability to practice his beliefs has been substantially burdened. *United States v. Seeger,* 380 U.S. 163, 185 (1965); *Thompson v. Holm,* 809 F.3d 376, 379-80 (7th Cir. 2016). Here, it is undisputed that Captain Olmstead did not deny Mr. Lee a prayer rug, Jewish prayer services, or a yarmulke when one was available, so these claims cannot form the basis of a First Amendment violation.

Although Captain Olmstead concedes that Mr. Lee was not given a yarmulke for a brief period while they were out of stock, this does not create a genuine issue of material fact about whether Mr. Lee's practice of religion was substantially burdened. A substantial burden exists when (1) "the government compels a religious person to perform acts undeniably at odds with fundamental tenets of [his] religious beliefs," (2) "puts substantial pressure on an adherent to modify his behavior and to violate his beliefs," or (3) "render[s] a religious exercise effectively impracticable." *Korte v. Sebelius*, 735 F.3d 654, 682-83 (7th Cir. 2013) (quotation marks and alterations omitted). Captain

4

Olmstead asserts that Mr. Lee was provided with a kufi until yarmulkes were available. ECF 47 ¶ 3. Though a kufi is distinct from a yarmulke, there is no evidence that temporarily wearing this substitute head covering substantially burdened Mr. Lee's ability to exercise his religion.

Finally, the denial of Kosher meals does not create a material dispute for trial. Correctional officials may "appropriately question whether a prisoner's religiosity, asserted as the basis for a requested accommodation, is authentic." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n.13 (2005). Captain Olmstead admits he denied Mr. Lee a Kosher diet; however, he did so only because Mr. Lee purchased and consumed non-Kosher food from the commissary. ECF 47 ¶ 8. The purchase and consumption of non-Kosher food items suggests that Mr. Lee's religious belief regarding his need for a Kosher diet was not sincerely held. *See Sharp v. Liebel*, No. 3:20-CV-327-JD-MGG, 2021 U.S. Dist. LEXIS 173144, 16 (N.D. Ind. Sept. 13, 2021) (collecting cases). Mr. Lee provides no evidence to explain his consumption of non-Kosher food, despite his purported religious beliefs. As such, there is no dispute that the denial of Kosher meals did not infringe on Mr. Lee's sincerely held beliefs.

For these reasons, the court:

(1) GRANTS the motion to dismiss (ECF 49);

(2) GRANTS the summary judgment motion (ECF 65); and

(3) DIRECTS the clerk to enter judgment in favor of the defendants and against Derrick Terrell Lee.

SO ORDERED.

February 28, 2022                                    *s/ Damon R. Leichty*
                                                     Judge, United States District Court